In his second point of error, Edwards contends the trial court erred in overruling his Motion for New Trial. The State contends that Edwards's issue on appeal does not comport with the issue raised in Edwards's Motion for New Trial. The State contends that Edwards's Motion for New Trial was based on newly discovered evidence, while Edwards's issue on appeal contends the trial court abused its discretion in failing to grant his Motion for New Trial "based on ineffective assistance of counsel." Reviewing the Motion for New Trial, we find it is based on Edwards's contention that his attorney was ineffective in failing to discover certain witnesses.

**Jasen Tremaine EDWARDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00141–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 11, 2001.

Decided Jan. 12, 2001.

Discretionary Review Refused May 2, 2001.

David W. Barlow, Beaumont, for appellant.

Wayln G. Thompson, Asst. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Jasen Edwards appeals from the revocation of his community supervision. Edwards pled guilty to possession of cocaine in an amount less than one gram. The trial court sentenced him to two years' confinement and a $500.00 fine, but suspended imposition of the sentence and placed him on four years' community supervision.

The State later moved to revoke Edwards' community supervision. In its motion, the State alleged five separate violations, including that Edwards committed an aggravated robbery offense. At the trial of that offense, a jury convicted Edwards and assessed punishment at seven years' confinement.

The trial court considered the State's motion to revoke Edwards' community supervision at the end of the punishment phase of his aggravated robbery trial. The trial court found the State's allegation regarding the aggravated robbery offense true and dismissed four other allegations. Edwards was then sentenced to two years' confinement, which the trial court ordered to run concurrently with his sentence for the aggravated robbery offense.

On appeal from the revocation of his community supervision, Edwards contends he received ineffective assistance of counsel. His contention is based on the theory that he received ineffective assistance of counsel at his aggravated robbery trial. Such ineffectiveness, he contends, creates a reasonable probability that the result of that trial would have been different absent his attorney's deficient performance.

Edwards fails to assert how his attorney's ineffectiveness at his aggravated robbery trial deprived him of effective assistance of counsel at the revocation proceeding. He also fails to address the difference in the State's burden of proof at a revocation hearing, *Moreno v. State*, 22 S.W.3d 482, 488 (Tex.Crim.App.1999) (preponderance of the evidence), and its burden of proof at trial, TEX.PEN.CODE ANN. § 2.01 (Vernon 1994) (beyond a reasonable doubt). Consequently, the trial court could have revoked Edwards' community supervision even if it agreed that he received ineffective assistance of counsel at his aggravated robbery trial.

Nevertheless, we have this day released our opinion in case number 06–00–00140–CR, *Edwards v. State*, 37 S.W.3d 511 in which we hold that the record is insufficient to support Edwards' contentions of ineffectiveness at his aggravated robbery trial. Therefore, because Edwards bases his contention of ineffective assistance at the revocation hearing on his claims of ineffective assistance at his trial for the aggravated robbery offense, we overrule his contention for the reasons stated in that opinion. By doing so, however, we express no opinion whether ineffective assistance of counsel at the trial of one offense could deprive the .defendant of effective assistance of counsel at a revocation proceeding in which that offense is used as the basis to revoke the defendant's community supervision for a different offense.

The trial court's judgment is affirmed.